Treat, Justice., delivered the opinion of the court: This was an action by Parsons, as the assignee of a promissory note,' against Dunaway, the maker. The justice rendered judgment for Parsons for $68.49, the amount of the note. On appeal to the circuit court the judgment was affirmed for $31.36. Parsons brings the record into this court, and assigns for error a decision of the circuit court, admitting Dunaway to testify, as a witness, to establish the defence of usury interposed by him. It appears from a bill of exceptions tendered by Parsons, that on the trial in the circuit court Dunaway was offered as a witness to prove usury between the original parties to the note ; and [*195] that the court admitted him as a witness, notwithstanding the objections of Parsons. The testimony given by him is not inserted in the bill of exceptions. This should liave been done, to enable this court to determine whether improper testimony was received. His testimony may not have shown the .usury, but, on the contrary, negatived it. Unless it was iim proper, Parsons was not prejudiced by the introduction of Duna-way as a witness. The cases of Miller v. Houck, 1 Scam. 501; Russell v. Martin, 2 Scam. 494; and Hays v. Smith, 3 Scam. 428, are directly in point. The judgment of the circuit court is affirmed with costs. Judgment affirmed.